UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                         :

IN RE APPLICATION OF CE LINE ONE       :
CORPORATION LIMITED                :        23-MC-461 (JMF)
FOR AN ORDER SEEKING DISCOVERY  :
PURSUANT TO 28 U.S.C. § 1782       :     MEMORANDUM OPINION
                                          :         AND ORDER
                                          :

------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

In this case, CE Line One Corporation ("CE Line") filed an application, pursuant to 28 U.S.C. § 1782(a), for discovery from Citigroup, Inc. and the corporate representative of Jonathan C. Goldstein, P.C ("Goldstein P.C."). *See* ECF No. 1. By Order entered on December 12, 2023, the Court granted CE Line's application on an *ex parte* basis, albeit "without prejudice to the timely filing of a motion to quash the subpoenas" that the Court's Order authorized CE Line to serve. ECF No. 11 ("Section 1782 Order"), at 1. Nearly two years later, on July 11, 2025, Goldstein P.C. and Jonathan Goldstein (together, the "Goldstein Parties") filed a *pro se* motion seeking (1) an order quashing the subpoenas issued pursuant to the Section 1782 Order; (2) reconsideration of the Section 1782 Order; and (3) a protective order to prevent further use by CE line of the discovery it obtained. *See* ECF No. 14 ("Goldstein Mem."), at 2-3. For the reasons that follow, the motion is DENIED in its entirety as meritless.

## BACKGROUND

On November 28, 2023, CE Line, a company incorporated in Hong Kong, filed an application pursuant to Section 1782(a) (the "1782 Application") seeking leave to obtain discovery from Citigroup, Inc., a U.S. financial institution, and Goldstein P.C., a New York law firm, for use in contemplated proceedings in the United Kingdom against Darren Masters, a resident of Florida; Jeremy Bennett, a British solicitor, and 7 Legal & Finance Limited ("7LF"),

a British firm.  *See* ECF No. 1.  In support of the 1782 Application, CE Line submitted the declaration of British Solicitor Andrew J. Ford, who had identified contemplated causes of action against Masters, 7LF, and Bennett under British law.  *See* ECF No. 3-1 ("Ford Decl."), ¶¶ 2, 25-29.  The contemplated proceedings included civil legal actions, as well as referrals to regulatory and criminal authorities.  *Id.* ¶¶ 2, 27-28.  Ford detailed that CE Line and its beneficial owner, Diptsy Molina, had transferred $11.3 million to 7LF, *id.* ¶ 15, and that 7LF then transferred some or all of the funds to Goldstein P.C, *id.* ¶ 22.  Ford noted that neither CE Line nor Molina had been able to recover the funds.  *Id.* ¶ 24.  On December 12, 2023, the Court granted the application, and CE Line promptly served subpoenas on Goldstein P.C. and Citigroup.  *See* Section 1782 Order; ECF No. 12 ("Notice of Service").  The Court's Order explicitly noted that Goldstein P.C., Citibank, Masters, 7LF, and Bennett could move to quash CE Line's subpoenas. *See* Section 1782 Order 1.

CE Line asserts, and the Goldstein Parties do not dispute, that Goldstein P.C. produced documents in response to CE Line's subpoena on January 29, 2024, and its representative, Jonathan Goldstein, appeared for a deposition *duces tecum* on March 7, 2024.  *See* ECF No. 16-1, ¶ 9; *id.* at 17-18.  The Goldstein Parties did not object prior to complying with the subpoena. *See id.* ¶ 8.

On December 23, 2024, CE Line and Molina filed a lawsuit in this Court against Masters and the Goldstein Parties.  *See* Complaint, *CE Line One Corp. Ltd. v. Masters*, No. 24-CV-9889 (RA) ("*Masters*") (S.D.N.Y. Dec. 23, 2024), ECF No. 1; *see also* ECF No. 16-2.  Their complaint alleges that the defendants misappropriated $11.3 million in investments and presses claims of fraud, conversion, and related torts.  *See* Complaint, *Masters*, No. 24-CV-9889 (RA), ¶¶ 21-119.  The Goldstein Parties have moved to dismiss the complaint, *see* Motion to Dismiss,

*Masters*, No. 24-CV-9889 (RA), ECF No. 95; for sanctions; *see* Motion for Sanctions, *Masters*, No. 24-CV-9889 (RA), ECF No. 92; and for judicial notice of these proceedings, *see* Motion for Judicial Notice, *Masters*, No. 24-CV-9889 (RA), ECF No. 36, all of which are pending.  The Goldstein Parties also filed a "Motion to Stay Discovery Obtained Under 28 U.S.C. § 1782," *Masters*, No. 24-CV-9889 (RA), ECF No. 55, which was temporarily granted as to the Goldstein Parties and then denied on September 19, 2025, *see* Order, *Masters*, No. 24-CV-9889 (RA), ECF No. 79; Transcript, *Masters*, No. 24-CV-9889 (RA), ECF No. 86, at 23:20.

On July 11, 2025, nearly sixteen months after the deposition of the Goldstein Parties, and over eighteen months after the Court issued the Section 1782 Order, the Goldstein Parties filed their present motion, styled "Motion for Reconsideration and to Quash use of Discovery Obtained under 28 U.S.C. § 1782 for Improper Purpose."  ECF No. 13.

## DISCUSSION

The Goldstein Parties move for (1) an order quashing the subpoenas issued pursuant to the Section 1782 Order; (2) reconsideration of that Order; and (3) a protective order to prevent further use by CE line of the discovery it obtained pursuant to the Order.  *See* Goldstein Mem. 2-3.[1]  The Court will address each of these requests in turn.

### A.  The Motion to Quash

First, the Goldstein Parties move, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to quash CE Line's subpoenas.  *See* Goldstein Mem. 2, 7-8; *see also* ECF No. 19 ("Goldstein Reply"), at 1,10.  By its terms, however, Rule 45 "requires that a motion to quash. . .

---

[1]    Jonathan Goldstein is a lawyer, and Goldstein P.C. is a law firm.  *See* ECF No. 3, ¶¶ 3-4; ECF No. 3-1, at 51.  Accordingly, they are not entitled to the "substantial degree of solicitude" to which *pro se* litigants are ordinarily entitled.  *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

be made 'promptly and in any event at or before the time specified in the subpoena for compliance therewith.'" *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) (referencing Fed. R. Civ. P. 45(d)(2)(B)); *see also* Fed. R. Civ. P. 45(d)(2)(B) ("[An] objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). In light of that requirement, the Goldstein Parties' motion is patently untimely. The subpoenas authorized by the Court's Section 1782 Order were served upon the Goldstein Parties in January 2024. *See* Notice of Service & Ex. C. Without objection, Jonathan Goldstein and his firm produced documents, and Jonathan Goldstein appeared for a deposition in March 2024. ECF No. 16-1, ¶¶ 8-12 & 17-18. They then waited over sixteen months to seek relief before this Court. Accordingly, they are not entitled to relief. (Their request is also moot. *See, e.g.*, *Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) (noting that motion to quash is "effectively moot given the production it has already made")).[2]

## B. The Motion for Reconsideration

Next, the Goldstein Parties move, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for reconsideration of the Section 1782 Order. *See* Goldstein Mem. 2-3. Rule 60(b) provides, in relevant part, that

---

[2]    There is no merit to the Goldstein Parties' suggestion that they did not have an opportunity or standing to object to the subpoena in the first instance, as they were not the "targets" of the Section 1782 Application. *See* Goldstein Mem. 7-8. The recipient of a subpoena plainly has standing to move to quash the subpoena. *See, e.g.*, *Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997); Fed. R. Civ. P. 45(d)(3)(B); *see also, e.g.*, *Sound Around, Inc. v. Friedman*, No. 24-CV-1986 (JHR) (KHP), 2025 WL 33505, at *5 (S.D.N.Y. Jan. 3, 2025) ("As a general matter, only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena."). Moreover, the Court's Section 1782 Order, which explicitly noted that the Application had been granted "without prejudice to the timely filing of a motion to quash the subpoenas," was served on Goldstein P.C. Section 1782 Order 1; *see also* ECF Nos. 12 & 12-3.

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  As a general matter, Rule 60(b) motions are disfavored and should be granted only upon a showing of "exceptional circumstances."  *Marrero Pichardo* v. *Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (internal quotation marks omitted).  Moreover, per Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  The Second Circuit has described this one-year limitation as "absolute."  *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (internal quotation marks omitted); *accord Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc*., 466 F.3d 97, 100 (2d Cir. 2006).

The Goldstein Parties' request for relief under Rule 60(b) is plainly meritless.  They contend that the Section 1782 Order was wrongly decided because CE Line was not an interested person, *see* Goldstein Mem. 3-5; that the discovery was improperly used in a domestic proceeding, *see id.* at 5-7, 10-12; and that there was a fraud on the court, *see id*. at 9-10, 12-14.

Although framed in general terms, these arguments roughly correspond to the grounds enumerated subsections (1) through (3) of Rule 60(b).  As such, they too are patently untimely, as the Goldstein Parties waited over eighteen months after the Section 1782 Order to seek relief — well beyond the "absolute" one-year deadline specified in Rule 60(c)(1).  *See Warren*, 219 F.3d at 114.  The Goldstein Parties offer no compelling justification for their delay and, even if they had, the Court "has no power to enlarge the one-year period."  *Nat'l Union Fire Ins. Co. of Pittsburgh v. Forman 635 Joint Venture*, No. 94-CV-1312 (LLS), 1996 WL 507317, at *2 (S.D.N.Y. Sept. 6, 1996) (citing Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).")).

In their reply memorandum of law, the Goldstein Parties argue that CE line made perjurious statements to the Court justifying a departure from the one-year time limitation that applies to motions under Rule 60(b)(3).  *See* Goldstein Reply 2-3.  Per Rule 60(d)(3), courts do retain inherent authority to set aside judgments obtained through "fraud on the court."  Fed. R. Civ. P. 60(d)(3).  Lest that provision undermine the time limit that applies to motions under Rule 60(b)(3), however, relief under it is available only in rare circumstances.  *See, e.g.*, *Kupferman v. Consol. Rsch. & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972) ("Obviously [the term] cannot be read to embrace any conduct of an adverse party of which the court disapproves; to do so would render meaningless the one-year limitation on motions under [Rule] 60(b)(3).").  Indeed, as relevant here, "fraud on the Court" is limited to conduct that "does or attempts to, defile the court itself."  *Id.* (quoting 7 MOORE's FEDERAL PRACTICE ¶ 60.33, at 511 (1971 ed.)).  No such fraud occurred here.  The Goldstein Parties principally point to an alleged inconsistency between a statement made by Ford to this Court a statement made by Molina elsewhere regarding ownership of the transferred funds.  *See* Goldstein Mem. 9-10; *compare* Ford Decl. ¶ 16 ("These

6

[transfer] amounts constituted both Molina's and Marmol's investments into the Program which were made through Five Oceans.  Each contributed an equal share to the Funds."), *with* ECF No. 16-5 ("Molina Decl."), ¶ 12 ("Marmol ultimately did not contribute any money to it.  Notably, I have not received any payments from Marmol to compensate for my loss.").  But even assuming *arguendo* there is an inconsistency between the declarations, it would not have affected the Court's analysis or conclusions in the Section 1782 Order.  Thus, the asserted discrepancy plainly does not constitute the type of misconduct that would "defile the court itself." *Kupferman*, 459 F.2d at 1078 (internal quotation marks omitted).

Perhaps in an effort to avoid the one-year limitation in Rule 60(c)(1), the Goldstein Parties in their reply invoke Rule 60(b)(6).  *See* Goldstein Reply at 1-2.  But the "reasonable time" requirement of Rule 60(c)(1) applies to motions under Rule 60(b)(6), and the Goldstein Parties' motion was not made within a reasonable time.  *See, e.g.*, *Daniel v. T&M Prot. Res., LLC*, 844 F. App'x 433, 435 (2d Cir. 2021) (summary order) ("[D]elays of over a year are untimely absent 'mitigating circumstances.'" (quoting *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam))); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (holding that a delay of eighteen months was "plainly" not reasonable).  In any event, the Goldstein Parties do not come close to showing that "'extraordinary circumstances' [exist] to warrant relief," as Rule 60(b)(6) requires.  *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (quoting *Rodriguez v. Mitchell,* 252 F.3d 191, 201 (2d Cir. 2001)).  And on top of that, "[a] party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b)." *Cohen v. Jamison*, No. 23-CV-1304 (LTS), 2023 WL 3412762, at *3 (S.D.N.Y. May 12, 2023); *see also United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009).  Indeed, "Rule 60(b)(6) only

7

applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)." *Warren*, 219 F.3d at 114. Here, as discussed above, the Goldstein Parties' asserted grounds for reconsideration all "covered under the more specific provisions" of Rule 60(b)(1)-(3). *Id.*

In short, the Goldstein Parties' motion for reconsideration must be and is denied.

## C.  The Motion for a Protective Order

Finally, the Goldstein Parties seek a protective order to "prevent future misuse" of the discovery that CE Line obtained pursuant to the Section 1782 Order. Goldstein Mem. 15. Specifically, the Goldstein Parties seek to bar CE Line from using the discovery in the *Masters* lawsuit. The Second Circuit has held that "Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017); *see also Glock v. Glock, Inc.*, 797 F.3d 1002, 1010 (11th Cir. 2015) (holding that lawfully obtained Section 1782 discovery can be used in United States civil litigation). The decision whether to issue a protective order and restrain parties from using discovery obtained via Section 1782 is within the discretion of the district court. *See Accent Delight*, 869 F.3d at 134-35. Here, the Goldstein Parties offer no compelling legal or factual reason that would justify entry of a protective order, let alone entry of such an order nearly two years after the Court issued the Section 1782 Order. Accordingly, the motion for a protective order and all other relief is denied as well.

## CONCLUSION

In short, the Goldstein Parties' motion is too little, too late. Accordingly, and for the reasons set forth above, their motion is denied in its entirety as meritless. No later than

8

December 9, 2025, CE Line shall file a letter in the *Masters* case bringing this Memorandum

Opinion and Order to the attention of Judge Abrams.

The Clerk of Court is directed to terminate ECF No. 13.


SO ORDERED.

Dated: December 2, 2025
New York, New York

JESSE M. FURMAN
United States District Judge

9